**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
Austin Division**

| | | |
|---|---|---|
| JONATHON OWEN SHROYER, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. <u>1:25-cv-164</u> |
| | ) | |
| MEDIA MATTERS FOR AMERICA; | ) | |
| CHLOE SIMON; CAMDEN CARTER; | ) | |
| SALON.COM, LLC; and AMANDA | ) | |
| MARCOTTE, | ) | |
| | ) | **COMPLAINT** |
| *Defendants.* | ) | |
| | ) | **[JURY TRIAL DEMANDED]** |
| | ) | |

Plaintiff Jonathon Owen Shroyer ("Plaintiff" or "Mr. Shroyer"), by and through his undersigned attorneys, hereby complains against Defendants Media Matters for America, Chloe Simon, Camden Carter, Salon.com, LLC, and Amanda Marcotte (collectively, "Defendants") and alleges as follows:

## NATURE OF THE CASE

1. This action aims to disrupt and correct the egregious pattern of media outlets making false and defamatory statements with the intent to further attack and vilify those who were politically persecuted for the events of January 6, 2021.

2. Mr. Shroyer is many things: a political commentator, a journalist, an on-the-ground reporter, and an activist. But Mr. Shroyer is decidedly not a violent, disorderly criminal. Notwithstanding, Defendants Media Matters for America ("Media Matters"), Chloe Simon and Camden Carter published statements on the website *Media Matters* in which they falsely claimed that Mr. Shroyer was a convicted rioter on January 6, 2021. Moreover, Defendants Salon.com, LLC ("Salon") and Amanda Marcotte published

1

statements on the website *Salon.com* falsely claiming that Mr. Shroyer was a convicted insurrectionist on January 6, 2021.

3. Defendants' statements classifying Mr. Shroyer as being a convicted rioter or insurrectionist are outrageous, false, and defamatory.

4. Defendants were well aware when they published these statements that they were not true. Nonetheless, Defendants published the false and defamatory statements knowing they were false, and knowing the false statement would slander and vilify Mr. Shroyer.

5. Mr. Shroyer files this action to publicly establish the truth, to rehabilitate his name and reputation, and to seek appropriate remedies for the harm caused by Defendants' intentionally false statements.

## PARTIES

6. Plaintiff Jonathon Owen Shroyer is, and at all times relevant hereto has been, an individual residing in Travis County, Texas.

7. Defendant Media Matters for America is a 501(c)(3) organization with its principal place of business in the District of Columbia.

8. Defendant Chloe Simon is an individual. Simon's exact county of residence is unknown, but upon information and belief, Simon is not a resident of Texas.

9. Defendant Camden Carter is an individual. Carter's current county of residence is unknown, but upon information and belief, Carter is not a resident of Texas.

10. Defendant Salon.com, LLC is a corporation with its principal place of business in San Francisco County, California.

11. Defendant Amanda Marcotte is an individual residing in Philadelphia County, Pennsylvania.

## **JURISDICTION AND VENUE**

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds the statutory minimum and Mr. Shroyer alleges on information and belief that the parties are completely diverse.

13. Venue is proper under 28 U.S.C. § 1391(b)(2), in that a substantial portion of the events alleged herein and injury to Plaintiff occurred in this judicial district.

## **FACTUAL ALLEGATIONS**

14. Mr. Shroyer is a well-known journalist, reporter, and host of his daily political talk show "The War Room with Owen Shroyer," which has been on air for more than 6 years and garners hundreds of thousands of live viewers daily.

15. Mr. Shroyer has been a member of the media for more than a decade. Over that time, Mr. Shroyer has established his reputation and brand as a trusted political commentator, show host, reporter, journalist, and news source. Mr. Shroyer holds tremendous value in his personal brand and reputation.

16. As an independent journalist, Mr. Shroyer was present in Washington, DC on January 6, 2021, covering President Trump's speech and the people's march to the Capitol.

17. Importantly, Mr. Shroyer never entered the U.S. Capitol building, never engaged in any violence, never had any altercations with other rally attendees or law enforcement and never engaged in any property destruction.

18. Mr. Shroyer never participated in any "riot" or "insurrection." Indeed, it is well established in both media and court records that Mr. Shroyer tried to stop people from entering the U.S. Capitol on that day.

19. Despite this, Mr. Shroyer was politically persecuted by the Department of Justice for his presence on that day and his speech. However, Mr. Shroyer was not charged with any violent, disruptive, or seditious activity. Mr. Shroyer has since received a Presidential pardon for all charges brought against him in relation to those events.

20. Defendants, however, to vilify and sully Mr. Shroyer's reputation, published false statements about Mr. Shroyer's activities on January 6, 2021, and the resulting legal proceedings. In doing so, Defendants abandoned all journalistic standards of integrity and truthfulness by publishing lies and willfully misrepresenting information that was readily available to the public and Defendants at the time the statements were published.

*Defamatory Statements Published on Media Matters*

21. Media Matters for America ("Media Matters") is a left-wing media company that publishes articles on news, politics, and the activities of right-wing and conservative journalists and commentators.

22. Media Matters frequently reports on Mr. Shroyer's broadcasts and statements in a misleading and negative light.

23. On or about May 9, 2024, Media Matters published an article, written by Chloe Simon and Camden Carter, with the headline: "Far-right figures are promoting raw milk amid bird flu outbreak in dairy cows" (the "Media Matters Article").

24. The Media Matters Article states: "*Infowars* host and **convicted Capitol rioter Owen Shroyer** claimed that warnings against consuming raw milk were part of a ploy by the FDA - which he called a 'gangster mafia' - and 'Big Milk' to 'make raw milk illegal' and 'crack down on raw foods.'" *See* Exhibit A, at Ex. 1.

4

25. The foregoing statement referring to Mr. Shroyer as a "convicted Capitol rioter" is decidedly false. This statement is an egregious misrepresentation of Mr. Shroyer's legal proceedings and conduct on January 6, 2021.

26. In regard to the events at the U.S. Capitol on January 6, 2021, Mr. Shroyer did not engage in any violence, did not enter the Capitol, had no altercations with police, was not responsible for any injury or property damage, and did not participate in any "riot."

27. He was not convicted of, nor did he plead guilty to, any violent crimes or disorderly conduct associated with the events of January 6, 2021.

28. At all times relevant, the details and publications regarding Mr. Shroyer's legal proceedings were publicly available.

29. The statement at issue is defamatory on its face as it impugns Mr. Shroyer's character by alleging that he was convicted in a court of law of such conduct, which is false.

30. Media Matters, Chloe Simon, and Camden Carter failed to exercise reasonable care in verifying the statements made about Mr. Shroyer's legal proceedings and activity at the Capitol on January 6, 2021.

31. Media Matters, Chloe Simon, and Camden Carter acted with reckless disregard for the truth and published statements about Mr. Shroyer's legal proceedings while willfully ignoring elementary journalistic precautions.

32. On May 10, 2024, Mr. Shroyer demanded a retraction and correction of the defamatory statement pursuant to Section 73.055 of the Texas Civil Practice & Remedies Code. *See* Exhibit A. Plaintiff's demand gave notice of the location, date, and nature of the false publication, along with an explanation of its falsity.

33. In response, Media Matters amended its article and published the following statement: "Language in this piece has been revised to reflect that Infowars' Owen Shroyer was not convicted but in fact pleaded guilty to one count of violating 18 U.S.C. 1752(a)(1) for his role in the January 6 riot and attack on the Capitol." *See* Exhibit B, at Ex. 2.

34. However, this statement was again defamatory. Specifically, the statement "for his role in the January 6 riot and attack on the Capitol" is false on its face as Mr. Shroyer had no role in any "attack" or "riot," nor was he convicted of any such activity.

35. Mr. Shroyer was again forced to issue a *second* correction and retraction demand on May 13, 2024, pursuant to Section 73.055 of the Texas Civil Practice & Remedies Code. *See* Exhibit B. Media Matters eventually removed the defamatory statement.

36. Plaintiff now seeks damages for libel based on Media Matters, Chloe Simon, and Camden Carter's false publications.

### *Defamatory Statements Published on Salon.com*

37. Salon.com ("Salon") is a liberal news and opinion website that publishes articles on U.S. politics, culture, and current events.

38. Salon frequently reports on Mr. Shroyer's broadcasts and statements in a negative light.

39. On October 23, 2024, Salon published an article (the "Salon Article"), written by Amanda Marcotte, on the website Salon.com with the headline: "MAGA bashes 'single issue' abortion voters – but Florida shows these women are the smartest citizens". *See* Exhibit C, at Ex. 1.

40. The Salon Article refers to Mr. Shroyer as a "[c]onvicted January 6 insurrectionist." *Id.*

41. This foregoing statement is a false and egregious misrepresentation of Mr. Shroyer's legal proceedings and conduct on January 6, 2021.

42. As previously stated, Mr. Shroyer did not engage in any violence, did not enter the Capitol, had no altercations with police, was not responsible for any injury or property damage, and did not participate in any "insurrection".

43. He was not convicted of, nor did he plead guilty to, any violent crimes or disorderly conduct associated with the events of January 6, 2021.

44. Indeed, "insurrection" is a unique crime in and of itself that holds a hefty prison sentence and is a serious offense. 18 U.S. Code § 2382 provides that:

> Whoever incites, sets on foot, assists, or engages in any rebellion or insurrection against the authority of the United States or the laws thereof, or gives aid or comfort thereto, shall be fined under this title or imprisoned not more than ten years, or both; and shall be incapable of holding any office under the United States.

45. Referring to Mr. Shroyer as a convicted "insurrectionist" holds a sinister insinuation to any reasonable reader that he was convicted under 18 U.S. Code § 2382, which is a blatant lie.

46. At all times relevant, the details and publications regarding Mr. Shroyer's legal proceedings were publicly available.

47. The statement at issue is defamatory on its face as it impugns Mr. Shroyer's character by alleging that he was convicted in a court of law of such conduct, which is blatantly false.

48. Salon and Amanda Marcotte failed to exercise reasonable care in verifying the statements made about Mr. Shroyer's legal proceedings and activity at the Capitol on January 6, 2021.

49. Salon and Marcotte acted with reckless disregard for the truth and published statements about Mr. Shroyer's legal proceedings while willfully ignoring elementary journalistic precautions.

50. On October 29, 2024, Mr. Shroyer demanded a retraction and correction of the defamatory statement from Defendants Marcotte and Salon pursuant to Section 73.055 of the Texas Civil Practice & Remedies Code. *See* Exhibit C. Plaintiff's demand gave notice of the location, date, and nature of the false publication, along with an explanation of its falsity. The offensive statement was eventually removed.

51. Plaintiff now seeks damages for libel based on Salon and Marcotte's false publications.

## CAUSE OF ACTION
## LIBEL AGAINST ALL DEFENDANTS

52. Mr. Shroyer realleges and incorporates by this reference Paragraphs 1 through 51 of this Complaint as though fully set forth therein.

53. The defamatory statements published by Defendants were false, both in their particular facts and in the gist in the context in which they were made.

54. Defendants' defamatory publications constitute defamation *per se*, as they implicated the Plaintiff in criminal conduct for which he was not convicted.

55. Alternatively, Defendants' defamatory publications constitute defamation *per quod* as they otherwise harmed Plaintiff's reputation.

56. The statements made in the Media Matters Article and Salon Article are not privileged and are false and defamatory.

57. Mr. Shroyer alleges on information and belief that the defamatory articles were intended by Defendants to directly injure him with respect to his professional reputation, character, trade, and business in Texas and around the world.

58. The defamatory articles are susceptible of a defamatory meaning on their face because the false statements have a direct tendency to injure Mr. Shroyer with respect to his reputation, character, trade and business.

59. Mr. Shroyer alleges on information and belief that at the time Defendants published the defamatory articles, they knew that the defamatory statements were false or had no reasonable grounds for believing it to be true.

60. Mr. Shroyer is informed and believes, and based thereon alleges, that the defamatory articles were disseminated recklessly and with actual malice, with the knowledge that it was false, or with a reckless disregard for the truth.

61. The defamatory articles expose Mr. Shroyer to hatred, contempt, ridicule and obloquy, and/or causes him to be shunned or avoided and tends to injure him in his occupation in Texas and around the world.

62. Each Defendant publicly disseminated their defamatory publications to an enormous audience, causing significant harm to the Plaintiff.

63. As a direct and proximate result of the above-described conduct by Defendants, Mr. Shroyer has suffered general and special damages in an amount not presently known to him but believed to be not less than the jurisdictional minimum of this Court, including damage to Mr. Shroyer's reputation and standing in the community, shame, mortification, embarrassment, and humiliation.

64. Mr. Shroyer believes and alleges, that the aforesaid acts of Defendants were done intentionally or with a conscious disregard of his rights, and with an intent to vex, injure or annoy him, such as to constitute oppression, fraud or malice, thus entitling him to exemplary and punitive damages in an amount appropriate to punish or set an example of Defendants and to deter such conduct in the future, which amount will be proved at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Mr. Shroyer demands judgment against Defendants as follows:

a. For general, special, punitive, and exemplary damages from Defendants in an amount to be determined at the time of trial, but believed to be not less than the jurisdictional minimum of this Court, together with interest thereon at the maximum legal rate;

b. For recovery of costs in connection with this suit;

c. For such further and other relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial in this action on all issues and claims triable to a jury.

Dated: February 4, 2025

**BARNES LAW**

By: */s/ Robert E. Barnes*
    Robert E. Barnes, Esq.
    CA Bar No. 235010
    Lexis Anderson, Esq.
    *Subject to admission pro hac vice*
    TX Bar No. 24127016
    BARNES LAW
    700 South Flower Street, Suite 1000
    Los Angeles, California 90017
    Telephone: (310) 510-6211
    Facsimile: (310) 510-6225
    Email: robertbarnes@barneslawllp.com
    Email: lexisanderson@barneslawllp.com

    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of February 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF.

                                                       */s/ Robert E. Barnes*
                                                       Robert E. Barnes